[No. 19929. Department Two. July 27, 1926.]

## H. E. WINANS, *Appellant*, v. OLE BRUE *et al.*, *Respondents*.[1]

[1] CORPORATIONS (133)—OFFICERS AND AGENTS—LIABILITY OF DIRECTORS—DEBTS OF CORPORATION: The officers and directors of a marketing union which had marketed plaintiff's hay crop under an agreement to pay therefor are not liable for a conversion of the crop or proceeds, upon the insolvency and failure of the union to pay; since the relation created was merely that of debtor and creditor, without any right to preference over other creditors.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered November 30, 1925, upon findings in favor of the defendants in an action for the conversion of corporate funds, tried to the court. Affirmed.

*Charles W. Johnson*, for appellant.
*Moulton & Jeffrey*, for respondent.

MACKINTOSH, J.—The appellant entered into a contract with the Kennewick Richland Marketing Union, whereby the union agreed to sell and market the appellant's 1921 hay crop and to receive one dollar a ton for handling the hay, which was to be marketed with other crops of like character, and the proceeds of all shipments were to be pro-rated with the proceeds of any other product of like variety and grade marketed by the union, the union further agreeing "to pay to the grower the amount received for his crop less any charge for packing, storing, shipping or marketing the same." The appellant delivered his hay crop to the union, and not being paid therefor, commenced this action against the respondents (who are the officers

[1]Reported in 248 Pac. 62.

and directors of the union, which had gone into the hands of a receiver), upon the theory that there had been a conversion of the proceeds of his hay.

[1]  It is very doubtful whether there is any competent proof in the record that the union ever collected any proceeds from the sale of the appellant's hay. But assuming that there is testimony to that effect, still the trial court was correct in granting a nonsuit, for the reason that there is nothing in the record casting any liability upon the respondents as officers and directors of the union. There is no proof of any conversion, for under the contract the proceeds of the sale of the hay were to be taken by the union, which had a right to mingle them with the proceeds realized from the sale of hay belonging to other members and with its own funds, and the relationship created upon the receipt by the union of payment for the hay was that of debtor and creditor. The amount collected by the union as a factor was not a trust fund in the hands of the union, and the appellant was not entitled to have his claim against the union preferred to those of other members. *Vail v. Durant,* 7 Allen (Mass.) 408, 83 Am. Dec. 695; *Chapman v. Forsyth,* 2 How. (U. S.) 202; 25 C. J. 377. By the contract, the union was under no obligation to pay over the identical money received from the purchasers of hay, and no fiduciary obligation having been violated by the union, the respondents, as its officers and directors, were not liable by reason of any conversion, and the judgment of the trial court in so holding is affirmed.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.